UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02075

**Sharma,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Chandra Prasad Sharma is a native and citizen of Nepal currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing. Because his detention is lawful, the petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about October 2023. After a traffic stop with local law enforcement in May 2026, Petitioner was later transferred to federal immigration custody. He has been in federal immigration custody since May 26, 2026, and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

On July 24, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process and the text of the Immigration and Nationality Act. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such

"detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. It does not matter that a previous administration decided to release him, as that decision did not vest in Petitioner a right to live freely in the United States during his removal proceedings. Neither the statutory text nor the Due Process clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1] For the reasons set forth in Parts I and II of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.

* * *

The petition for writ of habeas corpus is denied. The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 19, 2026.*

ANDREW DAVIS
United States District Judge

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026), does not preclude this Court from adjudicating or entering final judgment in this case.